**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52268/52336/52424**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: January 8, 2026** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| KARENDA LYNN JAMES, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Orders revoking probation, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; GRATTON Judge;
and HUSKEY, Judge

---

PER CURIAM

Pursuant to a global plea agreement, in Docket No. 52336, Karenda Lynn James pled guilty to robbery, Idaho Code § 18-6501, and in Docket No. 52424, James pled guilty to possession of methamphetamine, I.C. § 37-2732(c)(1). James was sentenced to a term of eight years with three years determinate in Docket No. 52336 and seven years with three years determinate in Docket No. 52424. Following a period of retained jurisdiction, the district court placed James on probation for four years. James admitted to violating her probation and the district court extended her probation by one year. In Docket No. 52268, James pled guilty to possession of methamphetamine, I.C. § 37-2732(c)(1). The district court sentenced James to five years with two years determinate and retained jurisdiction. James admitted to violating the probation in the other two cases and the district court revoked probation and

1

retained jurisdiction. Following the period of retained jurisdiction, the district court placed James on probation for four years in each case. James admitted to violating her probation and the district court revoked her probation. James contends the district court abused its discretion by revoking her probation in all three cases and by failing to commute her sentences to credit for time served in Docket Nos. 52336 and 52424.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could

2

reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in these cases, we cannot say that the district court abused its discretion in revoking probation in each case or in failing to commute her sentences in Docket Nos. 52336 and 52424. Therefore, the orders revoking probation and directing execution of James' previously suspended sentences are affirmed.